UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY K. PETERSON,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05949-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

      On July 13, 2010, plaintiff filed an application for an application for disability insurance benefits, and on July 16, 2010, she filed another one for SSI benefits, alleging in both applications she became disabled beginning January 1, 2009, due to a bipolar disorder, manic

ORDER - 1

depression and posttraumatic stress disorder. See ECF #14, Administrative Record ("AR") 19, 177.  Those applications were denied upon initial administrative review on September 15, 2010, and on reconsideration on March 14, 2011. See AR 19.  A hearing was held before an administrative law judge ("ALJ") on March 1, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a lay witness and a vocational expert. See AR 40-80.

In a decision dated April 17, 2012, the ALJ determined plaintiff to be not disabled. See AR 19-31.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 11, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481.  On November 5, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on February 18, 2014. See ECF #14.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the opinion evidence from Shannon Kellogg, Psy.D., Richard W. Washburn, Ph.D., Steven T. Haney, M.D., and Thomas Clifford, Ph.D.; (2) in rejecting the lay witness testimony from plaintiff's mother; and (3) in assessing plaintiff's residual functional capacity ("RFC").  For the reasons set forth below, the Court agrees the ALJ erred in part in evaluating the opinion evidence from Dr. Haney and Dr. Clifford and in rejecting plaintiff's mother's testimony – and thus in assessing plaintiff's RFC – and therefore in determining plaintiff to be not disabled.  Accordingly, the Court finds that defendant's decision to deny benefits should be reversed on this basis, and that this matter should be remanded for further administrative proceedings.

ORDER - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I.      The ALJ's Evaluation of the Opinions of Dr. Haney and Dr. Clifford

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In mid-September 2010, non-examining medical source Thomas Clifford, Ph.D., completed a mental residual functional capacity assessment form, in which he opined in relevant part that "[w]ith time and adequate training, [plaintiff] can be expected to adapt to change in the work place." AR 309.  In early March 2011, Steven T. Haney, M.D., another non-examining medical source, also opined in relevant part that plaintiff "would need to be in settings that do not involve frequent or rapid changes." AR 369.  The ALJ gave "significant weight" to Dr. Haney's opinion because it was "supported by the evidence, is consistent with the record as a

ORDER - 5

whole, and considered the complete record." AR 27.  She gave "some weight" to that of Dr. Clifford, because although it was "generally consistent with the . . . medical record," other "evidence that was not available at the time Dr. Clifford made his assessment supported a slightly more restrictive" RFC as it related to plaintiff's "ability to deal with changes in the workplace." AR 27-28.

Plaintiff argues, and the Court agrees, the ALJ erred in failing to adequately explain why she only limited her to work not requiring frequent or rapid changes (see AR 24), despite also giving some weight to Dr. Clifford's opinion.  Defendant argues the ALJ accounted for Dr. Clifford's opinion by limiting plaintiff to the more restrictive limitation of no frequent or rapid changes.  But while a limitation to no frequent or rapid changes may be restrictive, it is not necessarily more restrictive than an ability to adapt to changes, but only with time and adequate training.  This is because it is not at all clear how much time or training Dr. Clifford believed would be required before this ability is obtained.  This is an ambiguity and potential conflict in the medical opinion evidence the ALJ failed to resolve despite her duty to do so.

II.     The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Id. at 512.  The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

ORDER - 6

With respect to the testimony of plaintiff's mother, the ALJ found:

> I give little weight to the testimony of the claimant's mother Mary Ann Rushin.  The claimant's mother testified that the claimant displays different personalities and paranoid behavior.  The claimant's mother also testified that she worked with the claimant and her observations were that the claimant does not cope well and has a hard time understanding directions when she worked with her.  However, Mrs. Rushin testified that she only sees the claimant every other weekend and the last time she worked with her was 15 years ago.  Accordingly, I give this testimony little weight.

AR 29.  To the extent the ALJ was rejecting plaintiff's mother's testimony concerning what she observed when they worked together 15 years ago on the basis that those observations occurred too far distant in the past considering plaintiff's alleged onset date of disability, the Court finds no error.  The ALJ, however, failed to explain why seeing plaintiff every other weekend during the relevant time period provides an insufficient basis for the observations plaintiff's mother made.  As such, the Court finds as well that the ALJ did not offer germane reasons for rejecting plaintiff's mother's testimony overall, and thus erred here.

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.  See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends.  See id.  If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2.  A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work.  See id.

ORDER - 7

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ found plaintiff had the residual functional capacity to perform simple repetitive tasks and work not requiring frequent or rapid changes, with only occasional superficial interaction with co-workers and minimal interaction with the general public. See AR 24.[2]  But as discussed above, because the ALJ erred in evaluating the opinion evidence in the record from Dr. Clifford and Dr. Haney concerning plaintiff's ability to adapt to changes, as well as in rejecting the testimony of plaintiff's mother, it cannot be said that the ALJ's RFC assessment is supported by substantial evidence and thus free of error.

IV.     The ALJ's Step Four and Step Five Determination

Based on the above residual functional capacity, the ALJ found plaintiff was capable of performing her past relevant work as a laborer-salvager, or in the alternative the additional jobs of folder and garment sorter. See AR 29-30.  Again, though, because the ALJ erred in assessing plaintiff's RFC based on an improper evaluation of the medical evidence in the record and on a failure to provide germane reasons for rejecting the lay testimony of plaintiff's mother, neither the ALJ's step four finding nor her determination at step five also can be said to be supported by

---

[2] The ALJ also found plaintiff had the physical residual functional capacity to perform medium work, requiring the ability to lift 25 pounds frequently but not more than 50 pounds at a time. See id.

ORDER - 8

1  substantial evidence or free of error.[3]

2  V.      This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's ability to deal with changes in the workplace, her mother's lay testimony, the ALJ's residual functional capacity assessment, and plaintiff's ability to perform both her past relevant work and other jobs existing in significant numbers in the national economy, remand for further

---

[3] If a claimant is unable to perform his or her past relevant work at step four of the sequential disability evaluation process, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant can do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).

ORDER - 9

consideration of these issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 13th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10